SYMBOL TECHNOLOGIES, INC., Respondent, v INTERSIL CORPORATION et al., Appellants. [818 NYS2d 519]—

In an action to recover costs and attorney's fees, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 4, 2006, as denied that branch of their motion which was for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to the plaintiff's purchase orders and development agreements with the defendants, the defendants agreed to indemnify the plaintiff for "cost[s] and expenses, including attorney's fees which may be incurred on account of any [suit], claim or demand involving infringement or alleged infringement of any patent rights in the manufacture, use or disposition of any articles supplied hereunder."

In a separate action by the plaintiff against another company, that company counterclaimed, alleging, inter alia, that certain of the plaintiff's products, which incorporated components supplied by the defendants under the purchase orders and development agreements, had infringed one of its patents. That patent covered a communications protocol enabled by the defendants' components and executed between three or more of the plaintiff's wireless devices.

The defendants refused to defend or indemnify the plaintiff, the plaintiff undertook its own defense, and thereafter commenced the instant action. The second cause of action sought to recover the costs and attorney's fees incurred in defending against the counterclaim. The defendants moved, inter alia, for summary judgment dismissing the second cause of action on the ground that the infringement counterclaim was not directed at its products, but at the larger patented method which required the operation of at least three wireless devices, and therefore, the indemnification provisions did not apply.

The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (see *Oldham v Eastport Union Free School Dist.*, 26 AD3d 480 [2006]). The broad language of the indemnification provisions is unambiguous and contains nothing to limit the defendants' duty to only those claims where the defendants' products alone were capable of infringement. Since the defendants failed to make a prima facie showing, that branch of their motion which was for sum-

mary judgment dismissing the second cause of action was properly denied, regardless of the sufficiency of the opposing papers (*id.*). Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.